WILSON TURNER KOSMO LLP
VICKIE E. TURNER (106431)
ROBERT K. DIXON (262252)
PARADA K. ORNELAS (272724)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: vturner@wilsonturnerkosmo.com
E-mail: rdixon@wilsonturnerkosmo.com
E-mail: pkornelas@wilsonturnerkosmo.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

JAMES COOK,

Plaintiff,

v.

HOME DEPOT U.S.A., INC., and DOES 1 THROUGH 10, Inclusive,

Defendants.

Case No. 5:18-cv-00126-MWF-KKx

**STIPULATED PROTECTIVE ORDER**

Complaint Filed: May 31, 2017

District Judge: Michael W. Fitzgerald
Courtroom: 5A (Los Angeles)

Magistrate Judge: Kenly Kiya Kato
Courtroom: Riverside, 3 or 4, 3rd Fl.

Trial Date: December 11. 2018

NOTE CHANGES MADE BY THE COURT

**1. A. Purposes and Limitations**

Disclosure and discovery sought by the parties in the above-captioned case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret, or other information of a sensitive nature about the party (or of another person which information the party is under a duty in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket

protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 4.4 below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B. Good Cause Statement (F.R.C.P. 26(c))**

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the follow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public matter, and there is good cause why it should not be part of the public record of this case.

**2. Designation of Confidential Information**

2.1 *Designation of Material.* Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery of Confidential material that qualifies for protection under this Order must be so clearly designated before the material is disclosed or produced. Designation in conformity with this Order requires that information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), be marked by the producing party as "CONFIDENTIAL." Placement of the "CONFIDENTIAL" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2.2 *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who received such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "CONFIDENTIAL" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

2.3 *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to

our during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

2.4 *Challenge of Designation.* Any party or non-party may challenge a designation of Confidential Information shall provide written notice of each designation it is challenging and describing the specific reasons and support for each challenge, at any time that is consistent with the Court's Scheduling Order.

2.4.1 The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

2.4.2 In the event the parties cannot reach an agreement concerning the confidentiality of the item, the challenging party shall initiate the dispute resolution process under Civil Local Rule 37.1 *et seq.*

2.4.3 The receiving or challenging party may move the Court to challenge, downgrade or eliminate the "CONFIDENTIAL" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

2.4.4 Any such items shall continue to be treated as confidential and subject to this Order until such time as the Court rules that the items are not entitled to confidential treatment.

2.4.5 Any motion challenging a party's designation of material as Confidential Information must be brought in strict compliance with Civil Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

2.5 *Inadvertent Failures to Designate.* If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating or producing party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**3. Access to Confidential Information**

3.1 *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

3.1.1 To outside counsel for a party hereto (and secretaries, paralegals and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

3.1.2 To the parties after they have been given a copy of this Order by their outside counsel and signed a letter in the form of Exhibit A.

3.1.3 To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

3.1.4 To independent experts and independent consultations (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party. Additionally, this Order shall not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of Confidential Information filed or lodged, including Confidential Information or material filed or lodged under seal.

3.2 *No Copies/Notes.* Except for internal use by outside counsel for the parties thereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or

any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

3.3 *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

3.3.1 Any motion seeking permission to disclose Confidential Information, or seeking to modify or amend the proposed Order must be brought in strict compliance with Civil Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

**4. <u>Use of Confidential Information</u>**

4.1 *Use in this Litigation Only.* Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

4.2 *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

4.3 *Use at Trial.* Any use of Confidential Information at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Information at trial. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure, in accordance with Civil Local Rules 79-6. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

/./.

4.4 *Filing Under Seal.* Where any Confidential Information, or information derived therefrom, is included in any motion or other public proceeding, no document may be filed under seal without prior approval by the Court in accordance with subsection (a) of Civil Local Rule 79-5.2.2.2. If another party has designated documents as Confidential pursuant to a Protective Order, the filing party must comply with the requirements of subsection (b) of Civil Local Rule 79-5.2.2. In the event the Court grants leave to file under seal, documents to be filed under seal must be in accordance with subsection (c) of Civil Local Rule 79-5.2.2.

4.4.1 If a party's request to file Confidential Information under seal is denied by the Court, then the challenging party may file the Confidential Information in the public record unless otherwise instructed by the Court.

4.5 *Unauthorized Disclosure of Confidential Information.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance no authorized under this Order, the receiving party must immediately (a) notify in writing the designating party's unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Agreement Concerning Information Covered by Stipulated Protective Order" that is attached hereto as Exhibit A.

4.6 *Inadvertent Production of Confidential Information.* When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rules of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in a e-discovery order that provides for production without prior privilege review. Pursuant

to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

4.7 *Duration.* Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.8 *Return After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information.

## 5. Other Provisions

5.1 *Not an Admission.* Nothing in this Order shall constitute an admission by the party that information designated as "CONFIDENTIAL" is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

5.2 *Miscellaneous.* This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of

the parties and of any and all current or former employees of either of the parties or their affiliates.

5.3 *Confidential Material Subpoenaed or Ordered Produced in Other Litigation.* Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena or court order issued in another action. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that party must:

a) promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;
b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and
c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging the requesting party in this action to disobey a lawful directive from another court.

5.4 *Violation of Order*. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

/./.

5.5 *Jurisdiction.* This Order shall continue to be binding after the conclusion of this proceeding and all subsequent proceedings arising from the above-captioned case, except that a party may seek written permission from the producing or designating party for relief from the provisions of this Order. To the extent permitted by law, the United States District Court for the Central District of California, Eastern Division, shall retain jurisdiction to enforce, modify, or reconsider this Order, even after the above-captioned case is terminated.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 7, 2018

WILSON TURNER KOSMO LLP

By: /s/ Parada K. Ornelas
VICKIE E. TURNER
ROBERT K. DIXON
PARADA K. ORNELAS
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Dated: August 7, 2018

LAW OFFICES OF STEVEN YORK

By: /s/ Steven York
STEVEN YORK
Attorneys for Plaintiff
JAMES COOK

**SIGNATURE ATTESTATION**

I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories concur in the filing's content.

/s/ Parada K. Ornelas
PARADA K. ORNELAS

[ORDER CONTINUES ON NEXT PAGE]

## ORDER

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: 8/7/18

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

**<u>EXHIBIT A</u>**

**AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER**

I have been designated by Plaintiff JAMES COOK as a person who may have access to Confidential Information as that term is defined in the Stipulated Protective Order (the "Order") entered in the proceeding entitled *James Cook v. Home Depot U.S.A., Inc., et al.*, pending in the United States District Court for the Central District of California, Eastern Division, Case No. 5:18-cv-00126.

Having read the Order, I agree to fully comply with it and to be bound by its terms with respect to all documents and information designated as "CONFIDENTIAL" under the Order. I agree not to copy any documents or information that have been designated as "CONFIDENTIAL" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

I also understand and agree that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure. Further, I agree to subject myself to the jurisdiction of the United States District Court for the Central District of California, Eastern Division, in and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Order.

[SIGNATURE CONTINUES ON NEXT PAGE]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this _____ day of ________________, 2018.

______________________________
Name

______________________________

______________________________
Address

______________________________
Employer

______________________________
Job Title